**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESFANDIAR NIKBAKHSH TALI, | No. 05-72621 |
| Petitioner, | A020-039-482 |
| v. | |
| ERIC H. HOLDER, | MEMORANDUM [*] |
| Respondent. | |

Appeal from the Board of Immigration Appeals
Argued and Submitted May 14, 2010,
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and PRO,[**] District

Judge.

   Plaintiff-Appellant Esfandiar Nikbakhsh Tali ("Tali"), a native and citizen of

Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order

affirming an Immigration Judge's ("IJ") decision to deny Tali withholding of

removal under the Immigration and Nationality Act and deferral of removal under

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable Philip M. Pro, United States District Judge for the
District of Nevada, sitting by designation.

the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, 2242 and we deny the petition for review.

Because the BIA affirmed the IJ and dismissed Tali's appeal without any additional reasoning, the Court reviews the IJ's decision as if it were the final agency action. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). On the record before us, we cannot say that the IJ relied on improper evidence in determining that Tali was convicted of a "particularly serious" crime and thus is ineligible for withholding of removal. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 677 (9th Cir. 2010).

The IJ also did not err in denying Tali deferral of removal under CAT. Substantial evidence supports the IJ's denial of CAT relief because Tali failed to establish it is more likely than not he would be tortured if he is returned to Iran. *See Herrera v. U.S. Citizenship & Immigration Servs.*, 571 F.3d 881, 885 (9th Cir. 2009); *Huang v. Ashcroft,* 390 F.3d 1118, 1122 (9th Cir. 2004). PETITION FOR REVIEW DENIED.